# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHNNY LEE RICHMOND,**

            **Plaintiff,**

     v.                                           Case No. 17-CV-0988

**FEDERAL RESERVE SYSTEM**

            **Defendant.**

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

On July 18, 2017, Johnny Lee Richmond filed a *pro se* complaint against the defendant Federal Reserve System. (Docket # 1.) On the same day, Richmond filed a petition to proceed without prepayment of the filing fee. (Docket # 2.) Although Richmond has consented to magistrate judge jurisdiction, because the defendant has not yet appeared and had an opportunity to consent to magistrate judge jurisdiction, I will issue a report and recommendation regarding the screening of Richmond's complaint. *See Coleman v. Labor and Industry Review Comm'n of the State of Wis.*, __ F.3d __, Case No. 15-3254, 2017 WL 2609229 (7th Cir. June 16, 2017)

The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts while simultaneously preventing indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in *forma pauperis*, I must make two determinations.

First, I must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on an affidavit submitted to the court. *Id*. The party instituting a civil action in a district court is required to pay a $400 fee to the court's clerk, but if the court determines that the litigant has insufficient assets, the court may authorize the commencement of the action without payment of the fee.

Second, I must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id*. at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

I will begin with the second inquiry: whether Richmond's complaint states a claim. Richmond seems to allege that the currency system treat him as a slave labor and for relief Richmond seeks to remove all federal district courts. Richmond's complaint, like

those he previously filed in this district, *Richmond v. Internal Revenue Service*, 14-cv-00105-PJG (E.D. Wis.), *Richmond v. United States*, 14-cv-1094-WED (E.D. Wis.), are incomprehensible. Even construing the complaint liberally, I cannot identify any particular claims for which Richmond is seeking redress, nor can I determine if such claims are properly brought in federal court. Unlike state courts, which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). They may entertain cases only where jurisdiction is authorized by the Constitution or by federal statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Because Richmond's complaint does not state cognizable claim, I recommend that the complaint be dismissed. I therefore do not need to address his motion to proceed in *forma pauperis*.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Richmond's motion to proceed *in forma pauperis* (Docket # 2) be **DENIED AS MOOT**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 27th day of July, 2017.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge